STATE OF NORTH CAROLINA v. DOCKIE LEONARD TRIPLETT

No. 8323SC1050

(Filed 4 September 1984)

**1. Homicide § 2— solicitation to commit murder—felony**
      Solicitation to commit murder is a felony for which the superior court has jurisdiction. G.S. 7A-271; G.S. 14-3(b).

**2. Criminal Law § 145.6— forfeitures—inapplicable to money paid to undercover agent**
      The statute relating to forfeiture of gain acquired through felonies, G.S. 14-2.3, did not apply to money paid by defendant to an undercover agent on a contract to kill defendant's wife. However, the trial judge properly disposed of the money since defendant voluntarily relinquished any interest he had in the money when he gave it to the undercover agent.

APPEAL by defendant from *Freeman, Judge.* Judgment entered 19 July 1983 in Superior Court, ASHE County. Heard in the Court of Appeals 20 August 1984.

Defendant was charged in a bill of indictment with soliciting James R. Lester to kill and murder Patsy Triplett, wife of the defendant.

The evidence for the State reveals that prior to his arrest, the defendant made a $2,500 cash advance payment to Lester, a Special Agent for the State Bureau of Investigation, posing as a professional killer. In return, Lester was to have killed Mrs. Triplett and received an additional $2,500 upon completion of the task.

The defendant pleaded guilty to the charge and judgment was entered imposing a sentence of three years. The court did not fine the defendant but subsequently, on motion of the State, declared the $2,500 advance payment forfeited.

*Attorney General Edmisten, by Roy A. Giles, Jr., Assistant Attorney General, for the State.*

*Vannoy & Reeves, by Wade E. Vannoy, Jr., for the defendant appellant.*

VAUGHN, Chief Judge.

[1] Defendant sets forth two grounds for appeal. He initially maintains that it was error for the trial court to deny his motion to dismiss based upon the ground that the offense charged was a two-year misdemeanor and, therefore, was not within the jurisdiction of the Superior Court. We disagree.

This Court clearly established in the case of *State v. Keen,* 25 N.C. App. 567, 214 S.E. 2d 242 (1975) that solicitation of murder is an infamous offense. G.S. 14-3(b) provides that "[i]f a misdemeanor offense . . . be infamous [or] done in secrecy and malice . . . the offender shall . . . be guilty of a Class H felony." G.S. 7A-271, in turn, provides that the trial of all felony actions shall be within the exclusive and original jurisdiction of the Superior Court.

[2] Defendant additionally contends that it was error for the trial court to order the forfeiture of the $2,500 cash payment made to Special Agent Lester. Both the State and defendant contend that the issue is the interpretation of G.S. 14-2.3 ("Forfeiture of gain acquired through felonies") which provides that ". . . in the case of any violation of a general statute constituting a felony . . . any money or other property or interest in property acquired thereby shall be forfeited to the State of North Carolina, including any profits, gain, remuneration, or compensation directly or indirectly collected by or accruing to any felon." Subsection (b) of G.S. 14-2.3 provides that an action to recover such property shall be brought by either a District Attorney or the Attorney General pursuant to G.S. 1-532. This statute describes a category of contraband which is not *per se* illegal to possess at all times but only derivatively subject to seizure due to its connection with

State v. Triplett

illegal acts. For a comparison of contraband *per se* and derivative contraband, *see Director of Finance, Prince George's Co. v. Cole,* 296 Md. 607, 619, 465 A. 2d 450 (1983). For example, various sections of the North Carolina General Statutes define such contraband to include vehicles used to transport illegal drugs (G.S. 90-112), vehicles used in prearranged racing (G.S. 20-141.3(g)) and deadly weapons used in crimes (G.S. 14-269.1).

Unlike these sections, however, G.S. 14-2.3 authorizes the forfeiture of property characterized not by its use in a particular crime but as the acquired result of a crime. We agree with defendant that the statute does not apply in this case.

Here, however, we do not have a forfeiture in the usual sense. One cannot forfeit that which he does not have. Defendant voluntarily relinquished any interest he had in the $2,500 when he gave it to the undercover agent as part payment on the contract to kill defendant's wife. We hold that the judge made an appropriate disposition of the funds.

Affirmed.

Judges HEDRICK and WELLS concur.